**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Carl Hamilton**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Foundation of Cannabis Unified Standards, Inc.**, an Arizona corporation; **Lezli Engelking and John Doe Engelking**, a married couple; and **Cheryl Collier and John Doe Collier**, a married couple, | |
| Defendants. | |

Plaintiff, Carl Hamilton ("Plaintiff" or "Carl Hamilton"), sues the Defendants, Foundation of Cannabis Unified Standards, Inc.; Lezli Engelking and John Doe Engelking; and Cheryl Collier and John Doe Collier ("Defendants"), and alleges as follows:

### **PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Foundation of Cannabis Unified Standards, Inc. was a nonprofit corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Foundation of Cannabis Unified Standards, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      At all relevant times, Defendant Foundation of Cannabis Unified Standards, Inc. owned and operated as "FOCUS," which, according to its website, is an organization "promoting integrity in the cannabis industry" and is located in Maricopa County, Arizona.

10.      Under the FLSA, Defendant Foundation of Cannabis Unified Standards, Inc.is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Foundation of Cannabis Unified Standards, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment

records in connection with Plaintiff's employment with Defendants.  As a person who

acted in the interest of Defendants in relation to the company's employees, Defendant

Foundation of Cannabis Unified Standards, Inc. is subject to liability under the FLSA.

11.    Defendants Lezli Engelking and John Doe Engelking, upon information

and belief, husband and wife.  They have caused events to take place giving rise to the

claims in this Complaint as to which their marital community is fully liable.  Lezli

Engelking and John Doe Engelking are owners of Defendant Foundation of Cannabis

Unified Standards, Inc. and were at all relevant times Plaintiff's employers as defined by

the FLSA, 29 U.S.C. § 203(d).

12.    Under the FLSA, Defendants Lezli Engelking and John Doe Engelking are

employers.  The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee.  At all relevant times,

Defendants Lezli Engelking and John Doe Engelking had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants.  As persons who acted in the

interest of Defendants in relation to the company's employees, Defendants Lezli

Engelking and John Doe Engelking are subject to individual liability under the FLSA.

13.    Defendants Cheryl Collier and John Doe Collier, upon information and

belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Cheryl Collier and

John Doe Collier are owners of Defendant Foundation of Cannabis Unified Standards, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.     Under the FLSA, Defendants Cheryl Collier and John Doe Collier are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Cheryl Collier and John Doe Collier had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Cheryl Collier and John Doe Collier are subject to individual liability under the FLSA.

15.     At all material times, Defendants Foundation of Cannabis Unified Standards, Inc.; Lezli Engelking and John Doe Engelking; and Cheryl Collier and John Doe Collier are Plaintiff's "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

17.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18.     Defendants, and each of them, are sued in both their individual and corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

31.     Defendants own and/or operate as Foundation of Cannabis Unified Standards, Inc. or "FOCUS," an enterprise located in Maricopa County, Arizona.

32.     Plaintiff was hired by Defendants to work as their Chief of Staff on or about March 7, 2022.

33.     At all relevant times, Plaintiff worked for Defendants for approximately between five and six weeks until approximately April 15, 2022.

34.     At all relevant times, in his work for Defendants, Plaintiff worked as Defendants' Chief of Staff.

35.     As Defendants' Chief of Staff, Plaintiff's job duties involved, but were not limited to, managing staff and third-party consultants, finances, operations, sales and marketing, compliance, and document control and records retention.

36.     Defendants, in their sole discretion, agreed to compensate Plaintiff at a rate of approximately $10,000 per month.

37.     Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately 60 hours per week.

38.     Defendants paid no wages whatsoever to Plaintiff for the first four workweeks during which he worked for Defendants.

39.     In late March 2022, Plaintiff considered discontinuing his work for Defendants.  However, Mr. Yuri Downing, who is upon information and belief, an

-7-

investor of Defendants, in an effort to retain Plaintiff's services, did pay Plaintiff approximately $5,000 through his entity, Arguendo LLC, for work to be performed from April 1, 2022 through April 15, 2022.

40.     Plaintiff accepted the $5,000 from Arguendo LLC and worked through April 15, 2022.

41.     On or about April 15, 2022, Plaintiff discontinued working for Defendants.

42.     On or about April 18, 2022, Plaintiff tendered his notice of resignation in a letter to Defendant Lezli Engleking.

43.     In that letter, Plaintiff requested that Defendants remit the wages he had earned for the March 2022 workweeks of his employment to him within the time frame required by the law.

44.     Thereafter, Defendants did not respond to Plaintiff's resignation letter in any capacity.

45.     On or about May 2, 2022, Plaintiff tendered another letter to Defendant Lezli Engleking, stating, among other things, "[t]o date, I have not received the wages due me for work during the period of March 7 through March 31, 2022.  This letter will serve as my "Demand" notice of wages earned."

46.     Thereafter, Defendants did not respond to Plaintiff's demand letter in any capacity.

47.     Defendants refused to compensate Plaintiff any wages whatsoever for the any of the workweeks during March 2022 in which he worked for Defendants.

48.     As a result of not having paid any wage whatsoever to Plaintiff during such time, Defendants failed to pay the applicable minimum wage to Plaintiff.

49.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such time that he worked for Defendants, Defendants violated 29 U.S.C. § 206(a).

50.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such time that he worked for Defendants, Defendants violated the AMWA, A.R.S. § 23-363.

51.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such time that he worked for Defendants, Defendants violated the AWA, A.R.S., § 23-351.

52.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

53.     Plaintiff is a covered employee within the meaning of the FLSA.

54.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such time that he worked for Defendants, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

60.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

61.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Hamilton, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such time that he worked for Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

64.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

65.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Hamilton, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

1    67.    As a result of the allegations contained herein, Defendants did not

2    compensate Plaintiff wages due and owing to him.

3    68.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

4    69.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff

5    for the entire time he was employed by Defendants.

6

7    70.    Plaintiff is therefore entitled to compensation for unpaid wages, to be

8    proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest

9    thereon, and costs incurred.

10   **WHEREFORE**, Plaintiff, Carl Hamilton, requests that this Court grant the

11   following relief in Plaintiff's favor, and against Defendants:

12

13   A.    For the Court to declare and find that the Defendants violated the unpaid

14         wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due

15         and owing to Plaintiff;

16

17   B.    For the Court to award an amount that is treble Plaintiff's unpaid wages

18         pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

19   C.    For the Court to award prejudgment and post-judgment interest on any

20         damages awarded;

21

22   D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of

23         the action and all other causes of action set forth in this Complaint; and

24   E.    Such other relief as this Court deems just and proper.

25

26   **<u>JURY TRIAL DEMAND</u>**

27   Plaintiff hereby demands a trial by jury on all issues so triable.

-13-

1        RESPECTFULLY SUBMITTED this 3rd day of June, 2022.

2

3                                  BENDAU & BENDAU PLLC

4                                  By: /s/ *Clifford P. Bendau, II*

5                                  Clifford P. Bendau, II
                                    Christopher J. Bendau

6                                  *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>VERIFICATION</u>

1

2  Plaintiff, Carl Hamilton, declares under penalty of perjury that he has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on his personal knowledge, except as to those matters

5  stated upon information and believe, and, as to those matters, he believes them to be true.

6

7

8  C
_____
Carl Hamilton

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Signature:** *Carl Hamilton*

Carl Hamilton (Jun 3, 2022 08:45 PDT)

**Email:** cahamiltonbiz@gmail.com